UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ASHLEY ESTES, INDIVIDUALLY
AND ON BEHALF OF JACE
BRIDGEWATER

CIVIL ACTION NO.

VERSUS

19-823-SDD-EWD

C-K SHERWOOD ACRES LLC
DBA SHERWOOD ACRES APARTMENTS
AND QBE INSURANCE CORPORATION

## **NOTICE AND ORDER**

On December 27, 2017, Ashley Estes, individually and on behalf of her minor child Jace Bridgewater ("Plaintiff"), filed a Petition for Damages (the "Original Petition") naming as defendants C-K Sherwood Acres, LLC dba Sherwood Acres Apartments ("Sherwood Acres Apartments") and QBE Insurance Corporation ("QBE"). Plaintiff seeks to recover damages for injuries allegedly sustained when Plaintiff slipped and fell at Sherwood Acres Apartments.[1]

On November 26, 2019, Sherwood Acres Apartments and QBE (collectively, the "Removing Defendants") filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2] With respect to the citizenship of the parties, Plaintiff alleges she is a citizen of Louisiana.[3] Per the Notice of Removal, QBE "is a Pennsylvania corporation whose principal place of business is New York, New York."[4] Although the Notice of

---

[1] R. Doc. 1-3, pp. 2-5.

[2] R. Doc. 1. With respect to the amount in controversy, in seeking leave to file a First Supplemental and Amending Petition in state court, Plaintiff asserted that she had "received substantial medical treatment related to this incident giving rise to the instant litigation, and her damages now exceed $75,000. Thus, the petition must be amended to accurately reflect the current value of the plaintiff's damages." R. Doc. 1-3, p. 36.

[3] R. Doc. 1-3, p. 2. This Court has previously explained that "'[s]ince most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents'" and that "'[w]hen determining a minor's domicile, courts look to the domicile of the minor's guardian if the minor lives with her guardian.'" *Champagne v. Parrish*, Civil Action No. 16-610, 2016 WL 7031331, at * 3 (M.D. La. Nov. 7, 2016) (internal citations omitted).

[4] R. Doc. 1, ¶ 6.

1

Removal purports to set forth the citizenship of Sherwood Acres Apartments, certain of the allegations related to Sherwood Acres Apartments' citizenship are insufficient.

The Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'"[5] To adequately allege the citizenship of a limited liability company such as Sherwood Acres Apartments, Removing Defendants must identify each member of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[6] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[7] This Court has previously held that "allegations phrased in the negative are insufficient."[8]

The Removing Defendants' citizenship allegations with respect to RCG New Plan, LLC (an alleged member of Kings Mountain IV, LP, which is in turn an alleged member of Sherwood

---

[5] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil*, 841 F.2d at 1259).

[6] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.). *See also*, *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017) ("[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.")

[7] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). *See also*, *Randolph v. Wyatt*, Civil Action No. 09-2020, 2010 WL 299257, at * 1 (W.D. La. Jan. 15, 2010) ("for each member of an LLC that it itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because 'only natural person and corporations have a legal existence – for diversity purposes – that is not dependent on the citizenship of their constituent members.'").

[8] *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, Civil Action No. 12-1252, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).

Acres Apartments) do not meet the above standard.  Specifically, the Removing Defendants allege that the members of RCG New Plan, LLC include:

> a. BA Alpine Holdings, Inc. is a Delaware corporation, whose principal place business is, based on information and belief, outside of Louisiana;
>
> b. Feil Family Limited Partnership, whose members, based on information and belief, are not citizens of Louisiana;
>
> c. Kitty Hawk Capital, LLC, a Delaware limited liability company, whose principal place of business is Delaware and, based on information and belief, whose members are not citizens of Louisiana;
>
> d. SLR Ventures, who, based on information and belief, is not a citizen of Louisiana;
>
> g. Anderson Children's Trust, who, upon information and belief, is not a citizen of Louisiana
>
> o. Belllerock Partners, LLC, a Delaware limited liability company, whose principal place of business is Delaware, and based on information and belief, whose members are not citizens of Louisiana;
>
> p. Sidney S. Stark Revocable Trust, whose members, on information and belief, are not citizens of Louisiana;
>
> q. MB Cown Purchase Co., LLC, a Delaware limited liability company, whose principal place of business is Delaware, and, based on information and belief, whose members are not citizens of Louisiana;
>
> r. RG Opportunity, LLC, a Delaware limited liability company, whose principal place of business is Delaware, and, based on information and belief, whose members are not citizens of Louisiana;
>
> t. CJLM, LLC, a New York limited liability company, whose principal place of business is New York, and, based on information and belief, whose members are not citizens of Louisiana;
>
> v. Kitty Hawk Capital II, LLC, a Delaware limited liability company, whose principal place of business is Delaware, and based

on information and belief whose members are not citizens of Louisiana[9]

The above allegations are insufficient because they are phrased in the negative. In order to adequately allege the citizenship of these members, the Removing Defendants must distinctly and affirmatively allege the citizenship of each member of the particular limited liability company or other type of unincorporated association.[10] For members which are corporations (*i.e.*, BA Alpine Holdings, Inc. and possibly SLR Ventures), the Removing Defendants must affirmatively allege the member corporation's principal place of business and state of incorporation.[11]

Additionally, the Removing Defendants must adequately allege the citizenship of the Estate of Elaine Koenigsberg[12] and the citizenship of the Estate of Howard Parnes.[13] Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…." Rather than alleging the citizenship of each decedent, the Removing Defendants have alleged the identity of each Estates' executors and provided those executors' citizenship.

The Removing Defendants have the burden of establishing that federal diversity subject matter jurisdiction exists by distinctly and affirmatively alleging each party's citizenship,[14] and "[f]ederal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if

---

[9] R. Doc. 1, pp. 4-6.

[10] Regarding the citizenship of a trust, see *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017) (when a trust is sued in its own name, it takes the citizenship of each of its members), citing *Americold Realty Trust v. Conagra Foods, Inc.*, ––– U.S. ––––, 136 S.Ct. 1012, 1016, 194 L.Ed.2d 71 (2016)).

[11] *Getty Oil Corp.*, 841 F.2d at 1259.

[12] R. Doc. 1, p. 4, ¶ 4(A)(3)(c)(iv).

[13] R. Doc. 1, p. 10, ¶4(C)(15).

[14] *Howery*, 243 F.3d at 916; *Getty Oil*, 841 F.2d at 1259.

necessary."[15] The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether complete diversity of citizenship exists.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **December 12, 2019** C-K Sherwood Acres, LLC dba Sherwood Acres Apartments and QBE Insurance Corporation shall file a comprehensive Amended Notice of Removal that adequately sets forth the citizenship of the Estate of Elaine Koenigsberg; the Estate of Howard Parnes; BA Alpine Holdings, Inc.; Feil Family Limited Partnership; Kitty Hawk Capital, LLC; SLR Ventures; Anderson Children's Trust; Belllerock Partners, LLC; Sidney S. Stark Revocable Trust; MB Cown Purchase Co., LLC; RG Opportunity, LLC; CJLM, LLC; and Kitty Hawk Capital II, LLC.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 2, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).