## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ASHLEY ESTES, INDIVIDUALLY**                              **CIVIL ACTION**
**AND ON BEHALF OF JACE**
**BRIDGEWATER**

**VERSUS**                                                                          **NO. 19-823-BAJ-SDJ**

**C-K SHERWOOD ACRES LLC DBA**
**SHERWOOD ACRES APARTMENTS**
**AND QBE INSURANCE CORPORATION**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ASHLEY ESTES, INDIVIDUALLY                        CIVIL ACTION
AND ON BEHALF OF JACE
BRIDGEWATER

VERSUS                                          NO. 19-823-BAJ-SDJ

C-K SHERWOOD ACRES LLC DBA
SHERWOOD ACRES APARTMENTS
AND QBE INSURANCE CORPORATION

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a motion by Plaintiff Ashley Estes, individually and on behalf of her minor child Jace Bridgewater, to remand this matter to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 23). Defendants C-K Sherwood Aces, LLC d/b/a Sherwood Acres Apartments ("Sherwood Acres Apartments") and QBE Insurance Corporation oppose remand, filing a Memorandum in Opposition to Motion to Remand (R. Doc. 24), to which Plaintiff filed a Response (R. Doc. 32).

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand be **granted**, and that this matter should be **remanded** to the 19th Judicial District Court ("JDC") for the Parish of East Baton Rouge, State of Louisiana.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2017, Plaintiff filed suit against Defendants in the 19th Judicial District Court ("JDC").[1] Plaintiff claims that on March 30, 2017, she and her minor child Jace Bridgewater were guests on the premises of Sherwood Acres Apartment when they slipped and fell "as a result

---

[1] R. Doc. 1-3, p. 2; R. Doc. 23, p. 1 ¶ 1.

of a defect located on the property," sustaining injuries.[2]   However, in her Petition, Plaintiff specifically alleged that the damages incurred as a result of this incident did not exceed $75,000.[3]

On August 19, 2019, Plaintiff filed an Amended Petition for Damages in the 19th JDC in which she omitted the allegation that the damages she incurred did not exceed $75,000.[4]   In response, Defendants filed their Notice of Removal (R. Doc. 1) with this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]   Per Defendants, there is complete diversity of citizenship among the parties, and the matter in controversy now exceeds the jurisdictional amount of $75,000.[6]   In response to an Order by this Court (R. Doc. 2), Defendants filed an Amended Notice of Removal (R. Doc. 5) on December 12, 2019, more fully asserting the citizenship of various individuals and entities comprising the members of a sub-entity of Defendant C-K Sherwood Acres LLC.  Defendants subsequently filed a second Amended Notice of Removal (R. Doc. 22) on January 7, 2020, which addresses certain procedural issues as well as jurisdictional requirements for removal under 28 U.S.C. §1446 and 28 U.S.C. § 1332, including timeliness of removal.[7]

In response, on January 17, 2020, Plaintiff filed the instant Motion to Remand (R. Doc. 23) in which she argues, *inter alia*, that Defendants' Notice of Removal was untimely.[8]   Specifically, Plaintiff argues that Defendants filed their Notice of Removal more than 30 days after receiving via email a copy of Plaintiff's Amended Petition, which removed the allegation that damages did not exceed $75,000, as well as a proposal to settle the case for $325,000, making it untimely under

---

[2] R. Doc. 1-3, pp. 2-3 ¶¶ 3-4.
[3] R. Doc. 1-3, p. 4 ¶ 9.
[4] R. Doc. 1-3, p. 40; R. Doc. 23, p. 2 ¶ 6.
[5] R. Doc. 1, p. 1.
[6] R. Doc. 1, pp. 2-11.
[7] *See* Order at R. Doc. 21 setting forth the requirements for Defendants' Amended Notice of Removal.
[8] R. Doc. 23, pp. 2-4; R. Doc. 23-9, pp. 4-7.

28 U.S.C. § 1446(b).[9]  Plaintiff also argues that Defendants' Notice of Removal was untimely

under 28 U.S.C. § 1446(c)(1) because it was filed more than one year after Plaintiff initially filed

suit in state court.[10] Plaintiff also asserts that Defendants' Amended Notice of Removal still does

not adequately establish complete diversity of all parties or that the jurisdictional amount in

controversy has been met.[11]   In addition, Plaintiff seeks sanctions against Defendants based on

their allegedly untimely removal of this case.[12]

     Defendants filed a Memorandum in Opposition to Motion to Remand on January 23, 2020,

claiming that it timely filed its Notice of Removal within 30 days of formal service of Plaintiff's

Amended Petition.[13]   Defendants further argue that § 1446(c)(1)'s one-year time limit is not

inflexible and that, given the circumstances of this case, this provision should not prohibit removal

here.[14]  With regard to the issue of the diversity of citizenship of the parties, Defendants "take

exception to the baseless and unsubstantiated allegations by plaintiff" that they have failed to

establish diversity and request, if the Court finds diversity has not been established, additional time

to provide proof of citizenship.[15]   Defendants also argue that the jurisdictional amount in

controversy has been met and that, because removal was timely, sanctions are not warranted here.[16]

---

[9] R. Doc. 23, pp. 2-3, 4 ¶¶ 6-7, 13; R. Doc. 23-9, pp. 4-6.
[10] R. Doc. 23, p. 4 ¶ 14; R. Doc. 23-9, pp. 6-7.
[11] R. Doc. 23, pp. 4-5 ¶ 15; R. Doc. 23-9, p. 9.  The Court notes that in her Motion to Remand and memorandum in support thereof, Plaintiff takes issue with Defendants' substitution of counsel, claiming that the substitution was never perfected.  R. Doc. 23-9, p. 2 n.1.  Per Plaintiff, because the substitution had not been perfected, the attorneys who filed the Notice of Removal here at issue were not Defendants' counsel of record, rendering the pleading void.  R. Doc. 23-9, pp. 2 n.1, 4.  In her Reply, however, Plaintiff "acknowledges that an original motion to substitute counsel was in fact filed in state court and hereby withdraws plaintiff's objection to the impropriety under F.R.C.P. Rule 11 of the notice filed by defendants' counsel in this case."  R. Doc. 32, p. 5.  Because Plaintiff has withdrawn this allegation, this Court will not further address this issue.
[12] R. Doc. 23-9, p. 10.
[13] R. Doc. 24, pp. 2-3.
[14] R. Doc. 24, pp. 3-5.
[15] R. Doc. 24, pp. 5-6.
[16] R Doc. 24, pp. 6-7.

On May 4, 2020, Plaintiff filed a Response to Defendants' Opposition to Remand (R. Doc. 32), further expounding on her prior arguments in support of remand, withdrawing her argument regarding the jurisdictional amount in controversy in light of Defendants' concession that same has been met, and again requesting sanctions against Defendants for their removal of this case.[17]

## II.     LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Id.* (citations omitted).  "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Bartel v. Am. Export Isbrandtsen*, 64 F.Supp.3d 856, 862 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

28 U.S.C. § 1446 sets forth the general procedure for removal.  *See Vinson v. Sheraton Operating Corp.*, No. 01-1444, 2001 WL 1090793, at *1 (E.D. La. Sept. 14, 2001).  Generally, a civil action must be removed within 30 days after the defendant received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

---

[17] *See* R. Doc. 32.

ascertained that the case is one which is or has become removable." § 1446(b)(3). The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b) [now known as 1446(b)(3)]."[18] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

"Removal statutes are to be construed strictly against removal and for remand, and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 674 (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)) (internal citations and quotations omitted).

### A. Defendants' Notice of Removal was not timely.

The Court turns first to whether Defendants' Notice of Removal was timely. Because Plaintiff's initial Petition specifically stated that the amount of damages being sought did not exceed $75,000, § 1446(b)(1) is not applicable here. Rather, the timeliness of Defendants' removal is governed by § 1446(b)(3), which requires a notice of removal to be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

According to Plaintiff, on August 19, 2019, she filed a motion to amend her petition, along with a copy of the Amended Petition in which she removed the allegation that the amount of

---

[18] As explained in *Credeur v. York Claim Serv.*, No. 13-1367, 2013 WL 4814231, at *3 (W.D. La. Sept. 9, 2013): "Prior to the revision of Section 1446 effective December 7, 2012, the text that now appears in Section 1446(b)(1) was the first paragraph of Section 1446(b) (with certain minor revisions), while the text that now appears in Section 1446(b)(3) was a part of the second paragraph of Section 1446(b). Therefore, the jurisprudence predating December 7, 2012 and referring to the first and second paragraphs of Section 1446(b) now pertains to Section 1446(b)(1) and (3), respectively."

damages being sought did not exceed $75,000.[19]  This motion and the Amended Petition were served on defense counsel via email on September 19, 2019.[20]  Attached to that email was a letter extending an offer of settlement for $325,000.[21]  On September 23, 2019, defense counsel sent an email to Plaintiff's counsel acknowledging receipt of Plaintiff's September 19, 2019 letter as well as her motion to amend, specifically stating that his client objects to the motion and would be filing an opposition.[22]  Per Plaintiff, the 30-day time limit for removal began to run on the date Defendants were sent the motion and proposed Amended Complaint as well as the settlement offer.[23]

Defendants, however, counter that the time limit was not triggered until they were formally served with Plaintiff's Amended Petition, following the state court's grant of her motion to amend, on October 29, 2019.[24]  Defendants rely on *Thompson v. Deutsche Bank Nat'l Trust Co.*, in support of their position.  775 F.3d 298 (5th Cir. 2014).  In *Thompson*, the Fifth Circuit held that a defendant's right of removal "runs from the date on which it is formally served with process," stating, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  *Id.* at 303 (citation omitted).  Stated another way, "[a] defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum."  *Id.* (emphasis in original).  Thus, the *Thompson* court found that while the defendant had received a courtesy copy of the initial petition from the plaintiff, the defendant was not required to remove the action until it was formally served.  *Id.* at 304.

---

[19] R. Doc. 23, p. 2 ¶ 6.
[20] *Id.*; R. Doc. 23-3, pp. 2-8.
[21] *Id.*; R. Doc. 23-3, p. 1.
[22] R. Doc. 23, p. 3 ¶ 8; R. Doc. 23-4, p. 1.
[23] R. Doc. 23, p. 3 ¶ 7.
[24] R. Doc. 24, p. 2.

The *Thompson* case, however, is inapposite and inapplicable here.  In *Thompson*, the service at issue was of the initial petition, which brought the defendant into the case and under the purview of the court.  It was not service of an amended petition, which is at issue here.  Contrary to Defendants' assertions, *Thompson* does not mandate, or even indicate, that formal service of process of an amended petition is required to trigger the time limit for removal.  In addition, the language of § 1446(b)(3) itself allows for removal within 30 days of receipt by the defendant "through service **or otherwise** of a copy of an amended pleading, motion, or other paper."  Per the statute, formal service of process is not required.

Because formal service of process is not required, the Court must determine whether Plaintiff's email delivery of her Amended Petition and/or her settlement demand letter triggered § 1446(b)(3)'s 30-day removal period, as alleged by Plaintiff.  It is a "well settled principle" that "[p]ost-complaint correspondence from counsel, including settlement statement or demand letters which are not plainly a sham constitute 'other paper' for the purposes of § 1446(b)(3).  *Guidry v. Dow Chem. Co.*, No. 19-12233, 2019 WL 4509490, at *7 (E.D. La. Sept. 19, 2019) (internal quotations omitted) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)).  As previously explained by this Court, "[a] post-petition settlement demand letter may constitute an 'other paper' pursuant to § 1446(b)(3) so long as it is 'not plainly a sham' and resulted from a 'voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction'."  *Scott v. Office Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *5 (M.D. La. May 7, 2015) (quoting *Addo*, 230 F.3d at 762)).[25]

---

[25] Generally, in the context of § 1446(b)'s "other paper" doctrine, "a case becomes removable only when a 'voluntary act' of the plaintiff makes it ascertainable for the first time that a case is removable." *Schaefer v. Kodiak Mfg., Inc.*, No. 11-619, 2011 WL 1656081, at *3 (E.D. La. May 2, 2011) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

In *Addo v. Globe Life and Accident Insurance Company*, *supra*, the plaintiff, a month after filing suit against the defendant in state court, sent a demand letter to the defendant offering to settle the suit for an amount in excess of $75,000. 230 F.3d at 760. Finding that the plaintiff's post-complaint demand letter constituted "other paper" under § 1446(b)(3) such that it triggered the 30-day time limit for removal, the Fifth Circuit stated:

> …[T]he letter in this case complies with our rule that "other paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. Holding that a post-complaint letter, which is not plainly a sham, may be "other paper" under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit.

*Id.* at 762 (internal citations omitted). Because the defendant did not remove the case within 30 days of receiving the plaintiff's demand letter, the defendant's later removal was improper and the plaintiff's motion to remand should have been granted. *Id.*

Such is the case here. Plaintiff sent a post-complaint settlement demand letter to Defendants on September 19, 2019, in which she states that her medical bills incurred amounted to more than $22,160.94 and that she is a candidate for cervical disc replacement, the expense of which can exceed $100,000.[26] She then offers to settle the case for $325,000, and closes the letter with a reference to the attached amending petition, stating, "please see the enclosed amending petition, wherein I removed the jurisdictional limit of $75,000.00 that was filed with the Court."[27] No party has asserted that this settlement demand letter is a sham, and nothing in the letter indicates that to this Court either. As such, this settlement demand letter, which was emailed to Defendants on September 19, 2019, triggered the 30-day time limit for removal of this case. As in *Addo*, Defendants here failed to remove the case within that time limit, waiting more than 60 days, until

---

[26] R. Doc. 23-3, p. 1.
[27] *Id.*

November 26, 2019, to file their Notice of Removal. Because the Notice was not timely, Plaintiff's Motion to Remand should be granted.[28]

Although receipt of the settlement demand letter alone was sufficient to trigger the 30-day removal time limit, receipt of Plaintiff's motion to amend her Original Petition as well as a copy of her Amended Petition also placed Defendants on notice of the Plaintiff's intent to seek damages in excess of the jurisdictional amount. Thus, receipt of those documents also triggered the 30-day removal period. *See White v. Dale*, No. 17-1594, 2018 WL 10509676, at *3 (W.D. La. Mar. 13, 2018) (filing of "Motion for Leave to File a Second Amended and Supplemental Petition for Damages," along with a motion to dismiss non-diverse Defendants, made it "unequivocally clear and certain" that Plaintiffs were abandoning their claims against the non-diverse defendants and triggered the 30-day time limit for removal); *Morris v. Simsol Ins. Servs.*, No. 13-2514, 2013 WL 6590584, at *6 (W.D. La. Dec. 16, 2013) ("the removal clock began to run when defendants received the second amended petition" which revealed that federal question jurisdiction over the case existed). Further, as stated above, the language of § 1446(b)(3) itself limits the period of removal to within 30 days of receipt by the defendant "of a copy of an amended pleading, motion, or other paper." Here, Defendants received all three on September 19, 2019.[29] Their removal more than 60 days later was not timely.

---

[28] Receipt of Plaintiff's Amended Petition also placed Defendants on notice and triggered the 30-day removal period. *See White v. Dale*, No. 17-1594, 2018 WL 10509676, at * (W.D. La. Mar. 13, 2018) ("Motion for Leave to File a Second Amended and Supplemental Petition for Damages," along with a motion to dismiss the non-diverse Defendants, made it "unequivocally clear and certain" that Plaintiffs were abandoning their claims against the non-diverse defendants and triggered the 30-day removal time limit); *Morris v. Simsol Ins. Servs.*, No. 13-2514, 2013 WL 6590584, at *6 (W.D. La. Dec. 16, 2013) ("the removal clock began to run when defendants received the second amended petition" which revealed that federal question jurisdiction over the case existed).

[29] Additionally, Plaintiff filed her motion to amend her Original Petition, with a copy of the Amended Petition, in state court on August 19, 2019, which filing alone arguably could have triggered the 30-day time limit per the *White* case.

Because Defendants' Notice of Removal was not timely under § 1446(b)(3), this Court need not determine whether it also was untimely under 28 U.S.C. § 1446(c)(1),[30] as argued by Plaintiff. Similarly, it also need not determine whether the Defendants have adequately established complete diversity among the parties.

### B. Sanctions should not be assessed against Defendants.

In her Motion to Remand, Plaintiff has requested that sanctions be assessed against Defendants for their untimely removal of this case. Per Plaintiff, "[t]he defendants have wasted precious judicial time and resources and prejudiced plaintiff with unwarranted costs and delays by filing a clearly time barred notice of removal and by misleading the Court regarding the actual date the state court amending petition was first served on them for purposes of calculating the 30 day limit imposed by the removal statute."[31] Plaintiff argues that "a reasonable inquiry into the state court record" would have shown that Defendants had notice of the grounds for removal on September 19, 2019, as discussed above, or at least by October 17, 2019, when the state court judge granted Plaintiff's motion to amend her petition and said Amended Petition was filed in the state court record.[32]

Defendants respond that "the factual allegations in their Notice of Removal are accurate and the legal assertions warranted by existing law."[33] Defendants note that it was a voluntary act of Plaintiff that made this case removable and again argue that their Notice of Removal was timely

---

[30] According to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

[31] R. Doc. 23-9, p. 10. Plaintiff also seeks sanctions against Defendants for "filing pleadings through attorneys who were not the actual attorneys of record in the case." R. Doc. 23-9, p. 10. However, as explained above, Plaintiff has withdrawn this allegation. *See* n.11, *supra*. Therefore, the Court does not consider it here.

[32] R. Doc. 23-9, p. 10.

[33] R. Doc. 24, p. 6.

filed.[34]  As such, because their removal of the case was timely, Defendants claim sanctions are "neither appropriate nor warranted."[35]

Plaintiff seeks sanctions here under Rule 11 of the Federal Rules of Civil Procedure as well as under Article 863 of the Louisiana Code of Civil Procedure.[36]  According to Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[37]  However, Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).  The present request for sanctions fails to meet the procedural requirements of Rule 11(c)(2) because Plaintiff did not file a separate motion describing the specific conduct that allegedly violates Rule 11(b) and, therefore, should be denied.  *See Rouege Trucking, LLC v. Canales*, No. 14-304, 2015 WL 127870, at *9 (M.D. La. Jan. 7, 2015) (denying request for Rule 11 sanctions because a separate motion was not filed) (citing *Richard v. La. Indus. for the Disabled*, No. 10-426, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011)).

Pursuant to La. C.C.P. art. 863(D), "[i]f, upon motion of any party…the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable

---

[34] *Id.* at 6-7
[35] *Id.* at 7.
[36] R. Doc. 23-9, p. 10.
[37] Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law of for establishing new law…"

expenses incurred because of the filing of the pleading, including reasonable attorney fees."[38] However, such sanctions are not warranted here.  As explained by the Louisiana Court of Appeal for the First Circuit:

> Louisiana Code of Civil Procedure article 863 does not empower a trial court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions.  This article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted.  The test to determine whether to impose sanctions is not whether the trial court finds the arguments have merit, but whether there was the slightest justification for them.

*Berthelot v. Berthelot*, 254 So.3d 730, 735 (La.App. 1 Cir. 7/18/18) (citations omitted).  Here, Defendants' removal of this case, while untimely, was not without any justification.  In addition, the Court does not find any exceptional circumstances here that would warrant sanctions; Defendants simply filed an untimely Notice of Removal.  As such, Plaintiff's request for sanctions under Article 863 also should be denied.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  **IT IS FURTHER RECOMMENDED** that Plaintiff's request for sanctions be **DENIED**.

---

[38] According to La. C.C.P. art. 863(B), "[p]leadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following: (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law…"

Signed in Baton Rouge, Louisiana, on July 27, 2020.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**